UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRINA COLE MITCHELL,

Civil Action No.: 20-10906
Magistrate Judge Elizabeth A. Stafford

Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.

_____/

**OPINION AND ORDER ON CROSS-MOTIONS**
**FOR SUMMARY JUDGMENT (ECF. NOS. 15, 16)**

Plaintiff Trina Cole Mitchell appeals a final decision of defendant

Commissioner of Social Security denying her application for Supplemental

Security Income benefits (SSI) under the Social Security Act.[1]  Both parties

have moved for summary judgment.  The Court finds that the administrative

law judge's (ALJ) decision is supported by substantial evidence, and thus:

- **DENIES** Mitchell's motion, ECF No. 15;

- **GRANTS** the Commissioner's motion, ECF No. 16; and

- **AFFIRMS** the ALJ's decision under sentence four of 42 U.S.C. §

---

[1] The parties consented to this Court entering final judgment under 28
U.S.C. § 636(c).  ECF No. 10.

405(g).

## I.    BACKGROUND

### A.    Background and Disability Applications

Mitchell was born in August 1990, making her 26 years old on her alleged onset date in July 2016.  ECF No. 13, PageID.132, 259.  She has past work as an escort driver.  *Id.*, PageID.82.  She alleged disability because of back pain and borderline diabetes.  *Id.*, PageID.132.

After the Commissioner denied her disability application initially, Mitchell requested a hearing, which took place in December 2018, and during which she and a vocational expert (VE) testified.  ECF No. 13, PageID.92-131.  In a February 2019 written decision, the ALJ found Mitchell not disabled.  *Id.*, PageID.69-84.  The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Mitchell timely filed for judicial review.  *Id.*, PageID.55-57; ECF No. 1.

### B.    The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

2

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. § 404.1520(a)(4).  Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity, and will find the claimant not disabled if he or she can still do past relevant work.  *Id.*  At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work.  *Id.*  The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

---

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  § 1520(c).

3

Applying this framework, the ALJ concluded that Mitchell was not disabled. At the first step, he found that Mitchell had not engaged in substantial gainful activity since her alleged onset date.[3] ECF No. 13, PageID.71. At the second step, the ALJ found that Mitchell had the severe impairments of "obesity; thoracic and lumbar degenerative disc disease, slight right thoracic scoliosis, and age indeterminate wedge shaped deformity at T12; asthma; and learning disorder." *Id.* But the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id.*

Between the third and fourth steps, the ALJ found that Mitchell had the RFC to perform light work as defined by 20 C.F.R. § 404.1567(b), except:

> she can occasionally use right and left foot controls. She can occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, and can occasionally balance, stoop, kneel, crouch, or crawl. In addition, she can never work around hazards, such as at unprotected heights, or around moving mechanical parts, can never operate a commercial motor vehicle, and can occasionally work in conditions of humidity and wetness, in extreme heat or cold, in conditions where there are concentrated vibrations, and in conditions where there is concentrated exposure to dust, odors, fumes, or other pulmonary irritants. She is also limited to performing simple, routine and repetitive tasks, but not at a production rate pace,

---

[3] The ALJ considered the periods Mitchell worked in 2017 and 2018 and found her earnings to be below the threshold for substantial gainful activity. ECF No. 13, PageID.71.

for example, no assembly line or conveyor belt work; she is
limited to simple work-related decisions, and she can respond
appropriately to occasional interaction with supervisors and
coworkers, but with no team or tandem work with coworkers,
and no interaction with the general public.  Finally, she is limited
to tolerating few changes in the work setting, defined as routine
job duties that remain static and are performed in a stable,
predictable work setting.  Any necessary changes need to
occur infrequently, and be adequately and easily explained.

*Id.*, PageID.76.  At the fourth step, the ALJ concluded that Mitchell could

not perform her past relevant work as an escort driver.  *Id.*, PageID.82.

After considering Mitchell's age, education, work experience, RFC, and the

testimony of the VE, the ALJ determined that Mitchell could perform work

as a packer, sorter, and cleaner.  *Id.*, PageID.83.

## II.   ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether

the Commissioner's decision is supported by substantial evidence and was

made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc.*

*Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more

than a scintilla of evidence but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241

(6th Cir. 2007) (internal quotation marks and citation omitted).  Only the

evidence in the record below may be considered when determining

whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Mitchell argues that the ALJ's assessment of her mental RFC is not supported by substantial evidence and that the ALJ erred by finding that she did not meet Listing 12.05.  ECF No. 15.  The Court disagrees and affirms the ALJ's decision.

**B.**

Mitchell relies on an opinion from her mental health consultant, Leonard J. McCulloch, M.A., to argue that the ALJ's mental RFC findings are not supported by substantial evidence.  ECF No. 15, PageID.786-793.  Dr. McCulloch conducted a post-hearing examination of Mitchell in January 2019.  ECF No. 13, PageID.768-771.  He found Mitchell to have a full-scale IQ score of 72, and a verbal comprehension index of 70.  *Id.*, PageID.769.  Dr. McCulloch concluded that Mitchell's test "results show a marked limitation in abilities to understand, remember and apply information as well as a marked disability in concentration, persistence and maintenance of pace which would be expected to preclude success in any employment endeavors.  It is difficult to see how any serious employer would hire her."  *Id.*, PageID.770.  He diagnosed her with cognitive disorder with intellectual developmental disability.  *Id.*

6

The ALJ gave Dr. McCulloch's opinion little weight.  *Id*., PageID.81. The ALJ reasoned that (1) Mitchell's "representative referred [her] to Dr. McCulloch for purposes of establishing mental disability" under Listing 12.05; (2) Dr. McCulloch's findings were "inconsistent with other substantial evidence of record"; and (3) the determination of disabled is "reserved to the Commissioner."  *Id*.  Mitchell contends that the ALJ failed to properly weigh Dr. McCulloch's opinion and that, as a result, his decision is not supported by substantial evidence.

Mitchell's battle to seek reversal based on her examiner's opinion is uphill because the regulations give the ALJ ample discretion.  First, the ALJ did not have to give the opinion of the consultative examiner any particular weight.  20 C.F.R. § 416.927(c)(2); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir.2013) (noting that the opinions of nontreating sources are not given controlling weight, but are instead assessed "based on the examining relationship (or lack thereof), specialization, consistency, and supportability").  And an ALJ need not explain his reasons for discounting a consulting examiner's opinion.  *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) ("[T]he SSA requires ALJ's to give reasons for only treating sources").  Thus, when a claimant complains about the ALJ's treatment of a consultative examiner, "the fundamental

7

question for this court is whether the ALJ's decision is supported by substantial evidence." *Dykes ex rel. Brymer v. Barnhart*, 112 F. App'x 463, 468 (6th Cir. 2004).

The Court finds that the ALJ's decision to give little weight to Dr. McCulloch's opinion that Mitchell had marked limitations was supported by substantial evidence. As the ALJ noted, "mental status exams performed by the claimant's medical treatment providers consistently indicate she had adequate social functioning and cognition." ECF No. 13, PageID.80. Treatment notes from July 2016 show that Mitchell was alert and oriented and present with euthymic mood. *Id.*, PageID.80, 375-376. And many emergency room records from 2016 state that Mitchell was "alert, fully oriented, and cooperative, and that she demonstrated normal mood and speech." *Id.*, PageID.80, 387, 391, 396, 452, 456, 461, 465.

According to mental status exams from emergency room visits in 2017 and 2018, Mitchell was "oriented to person, place, and time. She appear[ed] well-developed and well-nourished. No distress." *Id.*, PageID.80, 470, 475, 479, 483, 488. Repeatedly, the emergency room psychiatric exams showed that she had "normal mood and affect. Her behavior [was] normal. Judgment and thought content normal." *Id.*, PageID.475, 479, 483.

8

Mitchell's bariatric surgeon, Gregory R. Johnson, D.O., stated in September 2018 that she asked questions, was "eager to learn," spoke and read English "well," and understood spoken English.  ECF No. 13, PageID.80, 753.  Dr. Johnson said that they "spent a great deal of time discussing the risks and benefits of" the surgery and that she did not have a memory impairment.  *Id.*, PageID.755.  He also stated that Mitchell was "alert and oriented," and her mood, affect, speech, behavior, judgment, thought content, cognition, and memory were all "normal."  *Id.*

Following the surgery, Mitchell's rehabilitation specialist Keith R. Barbour, D.O., noted that she was "awake, alert, understands questions and responds appropriately and quickly."  *Id.*, PageID.618.  Dr. Barbour also stated that Mitchell was "oriented to time, place and person"; had adequate attention for "normal functioning"; was able to "communicate verbally and understand verbal communication"; her "awareness of current events and past history [was] appropriate for age"; and her "speech rate and quantity" normal, volume "well modulated," and she was "articulate, coherent, and spontaneous" with word flow "consistent with normal speech."  *Id.*, PageID.620.  Mitchell's thought processes were "logical, relevant, organized and coherent."  *Id.*  Her associations were intact, her judgment concerning everyday activities and social situation was good, and

9

Mitchell showed no signs of "obsessive, compulsive, phobic, [or] delusional thoughts" and no illusions or hallucinations. *Id.*

The ALJ also noted hearing testimony that undermined Dr. McCulloch's findings of marked limitations. ECF No. 13, PageID.73-74. Mitchell testified that she drove about "three times a week," and had no trouble using the internet on her smartphone and computer. ECF No. 13, PageID.98-99, 118. She also said that she could read and write in English. *Id.*, PageID.99. And Mitchell attributed her inability to work to her back issues and denied suffering from other physical, mental, or emotional problems. *Id.*, PageID.116.

In her function report, Mitchell stated that she went out alone, shopped in stores, paid bills, counted change, handled a savings account, and used a checkbook or money orders. *Id.*, PageID.296. Her daily hobbies included watching television, reading, and spending time with others. *Id.*, PageID.297. Mitchell denied having problems getting along with others, needing to be reminded to go places, and needing someone to accompany her on outings. *Id.*, PageID.297-298. Mitchell also stated that she got along with authority figures "pretty good" and followed written instructions "pretty good." *Id.*, PageID.298-299.

Ample evidence supports the ALJ's decision to give little weight to Dr. McCulloch's opinion that Mitchell had marked limitations in her abilities to understand, remember, and to apply information, and in concentration, persistence, and pace.  The Court cannot reweigh the evidence and must instead affirm the ALJ's decision.  *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013).  "If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion."  *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

## C.

Because the Court affirms the ALJ's decision to give little weight to Dr. McCulloch's opinion that Mitchell had marked limitations, she cannot prevail on her Listing 12.05 argument.  "A claimant must satisfy all of the criteria to meet the listing and bears the burden of showing that an impairment meets or equals a listed impairment."  *Nash v. Comm'r of Soc. Sec.*, No. 19-6321, 2020 WL 6882255, at *3 (6th Cir. Aug. 10, 2020) (citations omitted).  Among other criteria, paragraph B of Listing 12.05 requires that the claimant have "[s]ignificant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of

two" of four areas of mental functioning.  20 C.F.R., pt. 404, Subpt. P, App. 1, § 12.05B.

Mitchell relies on Dr. McCulloch's opinion to support her argument that her mental impairment met or equaled Listing 12.05.  ECF No. 15, PageID.793-794.  But the Court finds that substantial evidence supports the ALJ's decision to give little weight to Dr. McCulloch's opinion, including his opinion that Mitchell had the marked limitations needed to satisfy the paragraph B criteria of Listing 12.05.  As a result, Mitchell cannot show that her mental impairment met or equaled Listing 12.05.

## III.   CONCLUSION

Mitchell's motion for summary judgment, ECF No. 15, is **DENIED**; the Commissioner's motion, ECF No. 16, is **GRANTED**; and the ALJ's decision is **AFFIRMED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: March 26, 2021                    United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 26, 2021.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
